# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 09 B 21458 |
| | ) | Chapter 7 |
| SEAN FLAHERTY and | ) | Judge John H. Squires |
| CAROL FLAHERTY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| —————————————————— | ) | |
| | ) | |
| NORMAN H. LEHRER, | ) | Adversary No. 09 A 00913 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEAN FLAHERTY and | ) | |
| CAROL FLAHERTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

These matters come before the Court on the motions of Sean and Carol Flaherty (the "Defendants") to quash service of process and to dismiss the complaint filed by Norman H. Lehrer (the "Plaintiff") pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), made applicable here by Federal Rules of Bankruptcy Procedure 7004(a) and 7041. For the reasons set forth herein, the Court grants the Defendants' motion to quash service of process but denies their motion to dismiss the Plaintiff's complaint. In its discretion, the Court grants the Plaintiff one final chance to accomplish service within 45 days from the date of this Opinion.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. §§ 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

On June 12, 2009, the Defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Code"). Thereafter, on September 29, 2009, the Court granted the Defendants a discharge under 11 U.S.C. § 727, and the bankruptcy case was subsequently closed on October 2, 2009.

On September 28, 2009, one day prior to the entry of the discharge order, the instant complaint was filed on behalf of the Plaintiff.[1] The complaint seeks a determination as to the dischargeability of certain debts purportedly owed to the Plaintiff by the Defendants pursuant to Sections 523(a)(2)(A), (a)(4), and (a)(6) of the Code.[2] According to the record, the Plaintiff is an attorney who has been licensed since 1978 and has practiced in both state

---

[1] According to his Response to the Defendants' motions, the Plaintiff was unable to find bankruptcy counsel in time to represent him in the adversary after the attorney he had retained was forced to withdraw because of a conflict of interest. Pl. Resp. at 2. Thus, the Plaintiff says, he decided to proceed in a pro se capacity and attempted to file the complaint himself. *Id.* He was unable to electronically submit the complaint, however, and asked his friend Andrew Carter ("Carter"), also an attorney, to file it for him. *Id.* The Plaintiff contends that the docket in the adversary proceeding incorrectly indicates that Carter represents the Plaintiff, although Carter did not file an appearance. *Id.* The current adversary docket accurately reflects that present counsel filed appearances as attorneys for the Plaintiff. *See* Adv. Dkt. Nos. 31-35.

[2] The complaint erroneously states that the statutory provisions of the Code pertinent to the adversary proceeding are "Section 523(a)(6) and/or 523(a)(6) and/or 523(a)(2)(A)."

-3-

and federal court. *See* Def. Reply, Exs. 1, 2. The complaint was signed by the Plaintiff and includes the name and address of his law firm.

Also on September 28, 2009, an initial summons was issued to the Defendants. In the box designated "Name and Address of Plaintiff's Attorney," only the name of the Plaintiff appeared. Without an address, the clerk was unable to execute the summons and on October 5, 2009 informed the filer that a new summons was needed.[3] On November 10, 2009, one copy of an alias summons was issued to both Defendants. According to the certificate of service, the summons was served by Diana Hart, a paralegal at the Plaintiff's firm, by regular, first-class mail to the address listed on the Defendants' bankruptcy petition. Neither the original nor the alias summons was served on the Defendants' attorney.

On November 27, 2009, the Defendants filed a motion to quash service of process, alleging that service on November 10 was defective because: (1) only one copy of the summons and complaint was sent to both Defendants, and (2) service was not made upon the Defendants' attorney. Subsequently, on January 8, 2010, the Court granted the Defendants' motion to quash.

While the motion was pending, however, the Plaintiff issued another set of alias summonses–one for each Defendant–on January 5, 2010.[4] Each certificate of service

---

[3] The initial summons was also defective because it set the status hearing for November 10, 2009, a date on which the Court was not scheduled to sit.

[4] Adversary Docket entries 21 and 22 indicate that alias summonses were issued to the Defendants on January 5, 2010. The certificates of service corresponding to those summonses, however, were not executed. The same alias summonses, dated January 5, 2010, are docketed as entries 27 and 28; those include certificates of service executed by the Plaintiff. The latter entries were filed on January 13, 2010.

-4-

indicated that the summons was served by regular, first-class mail and included the following statement: "I, Norman H. Lehrer, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made."[5] There are no entries in the docket showing that a copy of this alias summons was served on the Defendants' attorney. The Plaintiff did, however, prepare both an original and an amended certificate of service stating that he served the Defendants, as well as their attorney. *See* Pl. Resp., Aff. ¶¶ 16, 24, 25 & Exs. 1, 3.

On January 27, 2010, the Defendants filed the instant motion to quash this latest attempted service of process. They argue that service was defective because: (1) the Plaintiff, a party to the suit, served the summons himself in contravention of Federal Rule of Bankruptcy Procedure 7004(a)(1) and Federal Rule of Civil Procedure 4(c)(2); and (2) counsel for the Defendants, once again, was not served with the summons as required by Bankruptcy Rule 7004(g).

Also on January 27, 2010, the Defendants filed the instant motion to dismiss the adversary proceeding pursuant to Rules 4(m) and 41(b). In addition to dismissal, the Defendants' motion seeks sanctions against the Plaintiff under Federal Rule of Bankruptcy Procedure 9011. Specifically, the Defendants argue that the Plaintiff violated that Rule by failing to sign the complaint as the attorney of record and by stating that he is not a party to the adversary.

---

[5] On the alias summons issued to Carol Flaherty, the Plaintiff abbreviated his name as "N. H. Lehrer." *See* Adv. Dkt. No. 27.

-5-

## III. <u>DISCUSSION</u>

### A.    Motion to Quash Service of Process

The Defendants seek to quash service of process on the basis that the Plaintiff failed to properly serve them. As the Seventh Circuit has noted, a court "may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process[.]" *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Further, the Circuit Court has reminded the lower courts that "the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint[.]" *Id.*; *see also McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (noting that "[a]ctual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4"); *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301-02 (7th Cir. 1991) (stating that neither actual notice nor substantial compliance is sufficient to satisfy the service requirements of Rule 4).

Personal jurisdiction over a defendant is established if the summons and complaint are served pursuant to Federal Rule of Bankruptcy Procedure 7004. Fed. R. Bankr. P. 7004(f). Subsection (a) of that Rule incorporates various provisions of Federal Rule of Civil Procedure 4 for service of process in adversary proceedings in bankruptcy cases. Among them, Rule 4(c)(1) provides that the plaintiff is responsible for "having the summons and complaint served within the time allowed" and for "furnish[ing] the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Additionally, Rule 4(*l*) requires proof of service to be made to the court by the server's affidavit. Fed. R. Civ. P. 4(*l*)(1).

-6-

Bankruptcy Rule 7004 also contains provisions specific to adversary proceedings. Applicable to the case at bar, Bankruptcy Rule 7004(b) permits service by first-class mail. Fed. R. Bankr. P. 7004(b). Further, in cases in which a debtor is "represented by an attorney," Bankruptcy Rule 7004(g) requires that when service is made upon the debtor, it must also be made upon his attorney. Fed. R. Bankr. P. 7004(g).

### 1.    Service Made by the Plaintiff

In the matter at bar, the Defendants first contend that process was defective because the alias summonses at issue were served by the Plaintiff, a party to the suit, in violation of Bankruptcy Rule 7004(a)(1) and Rule 4(c)(2). Bankruptcy Rule 7004(a)(1) provides, in pertinent part, that "[p]ersonal service under Rule 4(e)-(j) F.R.Civ.P. may be made by any person at least 18 years of age who is not a party[.]" Fed. R. Bankr. P. 7004(a)(1). Similarly, Rule 4(c)(2) states, generally, that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

Neither of the rules cited by the Defendants is applicable to the matter at bar. First, the summonses were delivered neither by personal service nor to a recipient specified under Rule 4(e)-(j). Rather, the Plaintiff attempted to make service on the Defendants by regular, first-class mail pursuant to Bankruptcy Rule 7004(b). Further, Bankruptcy Rule 7004(a)(1) does not include Rule 4(c)(2) as one of the subsections that apply in adversary proceedings.[6]

---

[6] Despite the fact that Rule 4(c)(2) is not expressly incorporated by Bankruptcy Rule 7004(a), the certificate of service included on Local Bankruptcy Form B 250B requires the server to certify that "at all times during the service of process," he was "not less than 18 years of age and not a party to the matter concerning which service of process was made." *See* Local Bankr. Form B 250B. Interestingly, the corresponding National Bankruptcy Form requires a comparable attestation by the server only if service is made "by personal service, by residence service, or pursuant to state law." *See* National Bankr. Form B 250A.

-7-

*But see Hanneman v. Key Bank, N.A. (In re Hanneman)*, No. 07-1207, 2008 Bankr. LEXIS

1182, at *2 (Bankr. N.D. Ind. Feb. 12, 2008) (finding that process was defective under Rule

4(c)(2) and Bankruptcy Rule 7004(a)(2), because the certificate of service was signed by the

plaintiff, a party to the proceeding).

Nevertheless, Rule 4(c)(1), which does apply in adversary proceedings, provides that

the plaintiff is the one responsible "for furnish[ing] the necessary copies" of the summons

and complaint "to the person who makes service." Fed. R. Civ. P. 4(c)(1). Based on this

language, it follows, then, that the plaintiff himself is not a person authorized to serve the

summons and complaint.

Here, it is undisputed that the Plaintiff signed the certificate of service, indicating that

he served copies of the alias summons and complaint on the Defendants by regular, first-

class mail and declaring that he was not a party to the suit. By way of explanation, the

Plaintiff merely states that he "believed that as a *pro se* plaintiff, [he] was authorized to serve

the [a]lias [s]ummons" and that he did not recall seeing "the preprinted language . . . attesting

that the person serving the . . . [s]ummons and . . . complaint was not a party to the

litigation." *See* Pl. Resp., Aff. ¶¶ 20, 21.

These statements are simply insufficient under the rules, especially for an experienced

attorney like the Plaintiff. Further, the fact that the Plaintiff was proceeding pro se does not

excuse his failure to comply with procedural rules.[7] *See McMasters*, 260 F.3d at 818; *Clark*

---

[7] The Defendants dispute that the Plaintiff acted in a pro se capacity. Specifically, they argue that the Plaintiff is an experienced attorney who has practiced in both state and federal court for the last 32 years and is therefore more knowledgeable about legal matters than the average layperson. Whether or not the Plaintiff's status was pro se, however, is of no moment, because, as stated above, pro se litigants are not excused from following procedural requirements.

-8-

*v. Runyon*, 27 F. Supp. 2d 1040, 1042 (N.D. Ill. 1998); *but see Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991) (noting that the plaintiff's pro se status entitled him "to a certain degree of leniency so as to ensure that his case [was] justly resolved on its merits," where the plaintiff's failure to effect service was attributable to the clerk of the court). Among them, as discussed above, Rule 4(c)(1) suggests that a plaintiff may not serve process, and the Plaintiff here admits that he was the one who effected the attempted service. Accordingly, the Plaintiff has failed to comply with the federal rules governing service, and, therefore, the service at issue is defective, depriving the Court of personal jurisdiction over the Defendants.

### 2.    Service on the Defendants' Attorney

The Defendants also argue that process was defective because service was not made on their attorney as required by Bankruptcy Rule 7004(g). The dispute here seems to focus on whether the Plaintiff served the Defendants' attorney by actually mailing the alias summons and complaint at issue.

Bankruptcy Rule 7004 "does not require proof of actual receipt; it requires only that the summons and complaint be mailed . . .." *Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299 (7th Cir. 2000). Thus, under the Bankruptcy Rules, a plaintiff's obligations are fulfilled when the summons and complaint are mailed to both the debtor and the debtor's attorney. *See* Fed. R. Bankr. P. 7004(g); *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 140 (Bankr. S.D. Tex. 1993); *see also* Fed. R. Bankr. P. 9006(e) (providing that service of process is complete upon mailing).

-9-

In the instant case, the Defendants claim that there is no return of service to indicate that the Plaintiff mailed a copy of the summons and complaint to their attorney. They argue that the original and subsequently amended certificates of service prepared by the Plaintiff merely provided their attorney with notice that the Defendants were served but that the certificates do not, themselves, constitute service on the attorney. The Plaintiff does not expressly respond to this contention. Rather, he admits that he failed to serve the Defendants' attorney on his previous attempt (*see* Pl. Resp., Aff. ¶ 12) but states that he did, in fact, serve a copy of the alias summons and complaint at issue upon both the Defendants and their counsel (*see id.* ¶¶ 15, 25).

An examination of the docket reveals executed returns of service showing that both of the Defendants were served with a copy of the alias summons and complaint. *See* Adv. Dkt. Nos. 27, 28. The docket does not, however, include a signed return indicating that service was made on the Defendants' attorney. Notwithstanding the absence of such a return, the Plaintiff has represented, once in prepared certificates of service and again in a sworn affidavit, that he served the Defendants' attorney with the summons and complaint. Liberally construing the rules related to service of process in order to effectuate service, *see Tropin v. Weitzman (In re Premium Sales Corp.)*, 182 B.R. 349, 351 (Bankr. S.D. Fla. 1995), the Court finds that the Plaintiff's certificate of service and affidavit constitute prima facie evidence of proper service. *See, e.g., Mountain Nat'l Bank v. Brackett (In re Brackett)*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000); *ARDC v. Betts (In re Betts)*, 143 B.R. 1016, 1022 (Bankr. N.D. Ill. 1992). The Defendants' mere denial of service, unsubstantiated by affidavit or other

-10-

evidence, is insufficient to overcome the Plaintiff's evidence that service was accomplished.[8]
*See Brackett*, 243 B.R. at 914.

Despite this finding, the Court has already concluded, as discussed above, that the
Plaintiff failed to comply with Rule 4(c)(1). Thus, the Defendants' motion to quash service
of process is granted.

## B.      Motion to Dismiss the Adversary Proceeding

Next, the Defendants argue that dismissal of the adversary proceeding is mandatory
under Rule 4(m), because the Plaintiff has not shown good cause for failing to serve them
within 120 days after the complaint was filed. Additionally, the Defendants seek an order
of involuntary dismissal with prejudice pursuant to Rule 41(b).

### 1.      Dismissal Under Rule 4(m)

Rule 4(m), incorporated here by Bankruptcy Rule 7004(a), requires service to be
made within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If service is not
completed within 120 days, the Rule provides that:

> the court–on motion or on its own after notice to the
> plaintiff–shall dismiss the action without prejudice against
> that defendant or order that service be made within a specified
> time. But if the plaintiff shows good cause for the failure, the
> court must extend the time for service for an appropriate
> period.

---

[8]  To bolster his argument that service was made on the Defendants' attorney, the
Plaintiff suggests that the package containing the summons and complaint was not returned
to him as undeliverable by the United States Postal Service. *See* Pl. Resp. at 6. A strong
presumption exists that mail sent and not returned was received. *In re Longardner &
Assocs., Inc.*, 855 F.2d 455, 460 (7th Cir. 1988); *see also Moody v. Bucknum (In re
Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991). However, proof of actual receipt is not
required under Bankruptcy Rule 7004, and, indeed, the issue here is whether the Plaintiff
mailed the required documents–not whether the Defendants' attorney received them.

-11-

*Id.* The plaintiff bears the burden of establishing good cause. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). For purposes of Rule 4(m), "[g]ood cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).

If good cause is shown, the time for service must be extended. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). If good cause cannot be shown, the decision to grant an extension or dismiss the action without prejudice is left to the discretion of the court. *Ligas*, 549 F.3d at 501; *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998); *Panaras*, 94 F.3d at 340. The exercise of this discretion is warranted if the circumstances establish that the failure to complete service is the result of "excusable neglect." *Menges v. Menges (In re Menges)*, 337 B.R. 191, 193-94 (Bankr. N.D. Ill. 2006) (*citing Coleman*). Satisfaction of a balancing-of-hardships test may justify a finding of excusable neglect. *Id.* at 194.

In the present case, the complaint was filed on September 28, 2009. The 120-day window, therefore, closed on January 26, 2010, one day before the Defendants filed their second motion to quash. Because the Plaintiff served the summons and complaint himself in violation of the rules governing service, as discussed above, he plainly did not accomplish service within the time prescribed by Rule 4(m).

The Court must first decide, then, whether the Plaintiff has demonstrated good cause for his failure to effect proper service in a timely manner. Good cause requires a showing of good faith on the part of the plaintiff and a reasonable excuse for noncompliance. *Floyd*

-12-

*v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990); *Geiger*, 850 F.2d at 333. Although

the Plaintiff here may have acted in good faith, he has not offered any reasonable excuses.

Rather, he states that any errors related to service were "the result of inadvertence or lack of

familiarity with [the] rules of bankruptcy procedure." Pl. Resp., Aff. ¶ 30. The Plaintiff also

blames counsel for the Defendants, stating that the attorney failed to advise him that he could

not serve the summons himself because he was a party to the adversary. *Id.* ¶ 27.

Inadvertent failure to serve process within the time permitted does not constitute good

cause. *Geiger*, 850 F.2d at 333; *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *Dreier*

*v. Love (In re Love)*, 232 B.R. 373, 378 (Bankr. E.D. Tenn. 1999). Further, "[f]ailure to read

a rule is the antithesis of good cause. Ignorance may be an explanation but is not an excuse."

*Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996); *see also Menges*, 337 B.R. at 194

(*quoting Tuke*); *Kadlecek v. Ferguson (In re Ferguson)*, 204 B.R. 202, 210 (Bankr. N.D. Ill.

1997). "'[T]o hold that complete ignorance . . . constitutes good cause for untimely service

would allow the good cause exception to swallow the rule.'" *Kersh v. Derozier*, 851 F.2d

1509, 1512 (5th Cir. 1988) (discussing Rule 4(j), the predecessor to Rule 4(m)). As for the

Plaintiff's attempt at holding the Defendants' attorney responsible for lack of timely service,

counsel for the Defendants had no obligation to inform the Plaintiff of the applicable rules.

*See Ferguson*, 204 B.R. at 209. The Plaintiff has not met his burden of showing good cause.

Absent a good-cause showing, the Court must consider whether a permissive

extension of time is warranted.[9]   That is, the Court must determine whether the

---

[9]  The Defendants contend in error that dismissal of the adversary proceeding is
mandatory under Rule 4(m) because the Plaintiff has not shown good cause.

-13-

circumstances in this case establish that the Plaintiff's failure to achieve service was the result of "excusable neglect." Congress has given courts few "guideposts" in deciding what kinds of neglect are "excusable" in the context of service of process. *Love*, 232 B.R. at 380. The Advisory Committee Note to Rule 4(m), however, provides that "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m), Advisory Comm. Note, 1993 Amendments; *see also Panaras*, 94 F.3d at 341. Additionally, in deciding whether a party's neglect of a deadline is excusable, the United States Supreme Court has considered "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, . . . and whether the [party] acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Coleman*, 290 F.3d at 934; *Love*, 232 B.R. at 380-81 (*quoting Pioneer*).

Taking into consideration all of the circumstances in the matter at bar, the Court finds that the Plaintiff's failure to properly serve the Defendants pursuant to Rule 4(m) was the result of excusable neglect. First, the Court is satisfied that the Plaintiff did not act in bad faith when he failed to serve both the Defendants and their attorney within the period required by the Rule. Although he made several attempts at service and the defects were many, the Plaintiff tried to correct and re-serve upon learning of the deficiencies in process. While his efforts were not, ultimately, successful, the Court does not find that the Plaintiff exhibited a lack of respect or intentional or blatant disregard for the rules or the Court's schedule. Rather, the errors in the attempted service can be attributed in substantial part to

-14-

the termination of employment by the Plaintiff's formal paralegal who usually served

complaints and executed the related certificates of service.  *See* Pl. Resp., Aff. ¶¶ 18, 19.

Additionally, the delay in service was not a lengthy one.  Indeed, there was little

inactivity on the part of the Plaintiff and no corresponding impact on judicial proceedings.

Thus, it is not surprising that the Defendants have shown no prejudice from the delay in

service–no actual harm to their ability to defend the adversary on the merits as a consequence

of the delay.  Indeed, having been served with the complaint and summons on the Plaintiff's

previous attempts at service, the Defendants and their able attorney had actual notice of the

Plaintiff's claims.  Moreover, the Defendants did not file their second motion to quash until

the 121st day after the filing of the complaint, raising the suggestion that they knew of the

defect in service and were waiting until after the expiration of the time allowed under Rule

4(m) before filing their motion.

Finally, a dismissal without prejudice under Rule 4(m) would effectively be a

dismissal *with* prejudice in this case.  Such an outcome would result because the Plaintiff

filed his complaint on the last possible day permitted under the Code.  Thus, the Plaintiff's

cause of action against the Defendants would be time-barred if dismissal were granted.  *See*

*Baermann v. Ryan (In re Ryan)*, 408 B.R. 143, 159-60 (Bankr. N.D. Ill. 2009).

For all of these reasons, the Court finds that the balance of hardships weighs in favor

of the Plaintiff and, thus, in its discretion grants him one final opportunity to accomplish

service.

-15-

## 2.    Dismissal Under Rule 41(b)

"In certain circumstances, a plaintiff's dereliction in not obtaining service may lead

beyond Rule 4 and head off into territory covered by Rule 41(b)."  *O'Rourke Bros. Inc. v.*

*Nesbitt Burns, Inc.*, 201 F.3d 948, 953 (7th Cir. 2000).  That Rule, made applicable here by

Federal Rule of Bankruptcy Procedure 7041, provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules
> or a court order, a defendant may move to dismiss the action
> or any claim against it.  Unless the dismissal order states
> otherwise, a dismissal under this subdivision (b) and any
> dismissal not under this rule–except one for lack of
> jurisdiction, improper venue, or failure to join a party under
> Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Cases may be involuntarily dismissed under Rule 41(b) for want of

prosecution or failure to comply with orders of the court "'when there is a clear record of

delay or contumacious conduct, or when other less drastic sanctions have proven

unavailing.'"  *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003); *see also Schilling v.*

*Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986).

In deciding whether to dismiss a case for failure to prosecute, a court should consider

a variety of factors, including the frequency and magnitude of the plaintiff's noncompliance

with court deadlines, the effect of this noncompliance on the court's time and schedules, any

potential prejudice to other parties, and the possible merits of the plaintiff's case. *Williams*

*v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Ball v. City of Chi.*, 2 F.3d 752, 759-

60 (7th Cir. 1993).  Additionally, dismissal is appropriate when there is no reasonable

likelihood that service can be made. *Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988).

A court may infer a lack of prosecutorial intent from such factors as the withdrawal of

-16-

counsel, a failure to appear at scheduled hearings, and a failure to appear on time. *GCIU Employer Ret. Fund v. Chi. Tribune Co.,* 8 F.3d 1195, 1199 (7th Cir. 1993).

Because dismissal under Rule 41(b) operates as an adjudication on the merits, a court must provide an explicit warning to the plaintiff before dismissing his case pursuant to the Rule. *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1994) (*citing Ball*); *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1118 n.6 (7th Cir. 1994); *see also Williams*, 155 F.3d at 857 (noting that courts must give a plaintiff "due warning" prior to dismissal under Rule 41(b)); *Ball*, 2 F.3d at 755 (same). Further, the "drastic nature" of a dismissal with prejudice requires courts to impose such a remedy "'only in extreme situations.'" *GCIU*, 8 F.3d at 1199; *see also Maynard*, 332 F.3d at 467 (stating that "[o]f all possible sanctions, dismissal is considered 'draconian'" and courts "must be 'vigilant'" in its use); *O'Rourke Bros.*, 201 F.3d at 953 (finding that dismissal under Rule 41(b) is "a drastic remedy, which should never be lightly imposed"); *Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 725 (7th Cir. 1993) (noting that the power to dismiss a case with prejudice "should be carefully used").

The Defendants contend that the Plaintiff failed to prosecute the adversary and to comply with the applicable federal rules and that, accordingly, dismissal is warranted under Rule 41(b). The Court does not agree. Rather, the Court finds that a "clear record of delay" or "contumacious conduct" is notably lacking.

The Plaintiff has displayed anything *but* a lack of prosecutorial intent since the inception of the adversary. His initial failure to obtain counsel does not indicate a lack of intent to prosecute. He filed his complaint pro se and subsequently hired present counsel to

-17-

represent him. Further, although prior attempts at service were repeatedly deficient, the

Plaintiff made efforts to correct the defects and to comply with the applicable rules. In light

of the fact that he has now retained experienced bankruptcy counsel, it is reasonably likely

that service will be successfully made with the next–and final–set of summonses.

Additionally, the Plaintiff has not failed to respond in an adequate and timely manner to the

instant motions, has not intentionally missed deadlines, has not disregarded orders or

requested numerous continuances. Nor has he flagrantly abused judicial time and resources

or been uncooperative. Moreover, given the relatively short period of time that this

adversary has been pending, it is unlikely that the Defendants have been prejudiced by the

delay in service. Finally, the Court has not imposed lesser sanctions against the Plaintiff or

provided him with due warning of dismissal. This Opinion, however, is the requisite

warning which the Plaintiff should heed.

Although the Plaintiff's series of missteps with respect to service has been evident,

the circumstances of the case are not such that the Plaintiff should lose his day in court. It

is well established that "'the policy of the law is to favor a hearing of a litigant's claim on

the merits.'" *Wojton v. Marks*, 344 F.2d 222, 225 (7th Cir. 1965). Accordingly, the Court

finds that a dismissal under Rule 41(b) is unwarranted.

-18-

## C.      Sanctions Under Bankruptcy Rule 9011

Finally, the Defendants contend that the Plaintiff violated Federal Rule of Bankruptcy

Procedure 9011 when he, the attorney of record, failed to sign the complaint and when he

stated that he was not a party to the action.[10]

Bankruptcy Rule 9011 is modeled after Federal Rule of Civil Procedure 11 and is

"essentially identical" to Rule 11. *In re Park Place Assocs.*, 118 B.R. 613, 616 (Bankr. N.D.

Ill. 1990). Rule 11 was amended in 1993 to add certain notice requirements, and the same

amendments were later made to Bankruptcy Rule 9011, effective in 1997. Thus, courts look

frequently to cases that interpret Rule 11 when construing Bankruptcy Rule 9011. *In re*

*Famisaran*, 224 B.R. 886, 894 (Bankr. N.D. Ill. 1998). Further, some Rule 11 cases decided

prior to the procedural amendment are still applicable today in analyzing Bankruptcy Rule

9011 because the substantive provisions were not altered. *See In re Collins*, 250 B.R. 645,

659 (Bankr. N.D. Ill. 2000); *State Bank of India v. Kaliana (In re Kaliana)*, 207 B.R. 597,

601 (Bankr. N.D. Ill. 1997).

"The central goal of Rule 11 is to deter abusive litigation practices." *Corley v.*

*Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004). The Rule is not

intended to function as a fee-shifting statute requiring the losing party to pay fees and costs.

*Kaliana*, 207 B.R. at 601 (*citing Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932

(7th Cir. 1989)) ("Rule 11 is not a fee-shifting statute in the sense that the loser pays.").

Thus, the Rule focuses on the conduct of the parties and not the results of the litigation.

---

[10]   Contrary to the Defendants' contention that the Plaintiff failed to sign the complaint, the copy attached to the Plaintiff's Response bears his signature. *See* Pl. Resp., Ex. A, Compl. at 4.

-19-

"Rule 11 sanctions are . . . to be granted sparingly" and "should not be imposed lightly."

*Lefkovitz v. Wagner*, 219 F.R.D. 592, 592-93 (N.D. Ill. 2004), *aff'd*, 395 F.3d 773 (7th Cir.

2005).

Bankruptcy Rule 9011 provides in relevant part as follows:

> (a) **Signature.** Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name.   A party who is not represented by an attorney shall sign all papers. . . .

> (b) **Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

-20-

(c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1)  How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. . . .

. . . .

(2) Nature of Sanction; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject

-21-

> to the limitations in subparagraphs (A) and
> (B), the sanction may consist of, or include,
> directives of a nonmonetary nature, an order to
> pay a penalty into court, or, if imposed on
> motion and warranted for effective deterrence,
> [an] order directing payment to the movant of
> some or all of the reasonable attorneys' fees
> and other expenses incurred as a direct result
> of the violation.
>
> . . . .
>
> (3) Order.  When imposing sanctions, the
> court shall describe the conduct determined to
> constitute a violation of this rule and explain
> the basis for the sanction imposed.

Fed. R. Bankr. P. 9011(a)-(c).

A court may impose sanctions if it finds a violation of any one of the four subdivisions of Bankruptcy Rule 9011(b). *Collins*, 250 B.R. at 661.  Bankruptcy Rule 9011(b) provides that upon presenting documents to the court, a party or his counsel represents that to the best of that person's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances, such document is not (1) presented for any improper purpose, (2) based on frivolous legal arguments, (3) without adequate evidentiary support for its allegations, and (4) without a basis for denials of fact. *See* Fed. R. Bankr. P. 9011(b)(1)-(4).  "[T]he four subdivisions of Rule 9011(b) fall into two general categories: the 'frivolousness' clauses (or the 'objective component') and the 'improper purpose' clause (or the 'subjective component')." *In re Am. Telecom Corp.*, 319 B.R. 857, 867 (Bankr. N.D. Ill. 2004).

-22-

Under Bankruptcy Rule 9011(c)(1), "sanctions proceedings may be initiated in two ways, by motion or at the initiative of the . . . court." *Divane v. Krull Elec. Co.,* 200 F.3d 1020, 1025 (7th Cir. 1999). When sanctions are requested upon a party's motion pursuant to Bankruptcy Rule 9011(c)(1)(A), two requirements must be met: (1) the motion must be made separate and apart from other motions or requests and "[must] describe the specific conduct alleged to violate" representations to the court, and (2) "the motion may not be presented to the court unless, within twenty-one days of service, the non-movant has not withdrawn or corrected the challenged behavior." *Id.* The separate motion requirement prevents the sanctions request "'from being tacked onto or buried in motions on the merits, such as motions to dismiss or for summary judgment.'" *Troost v. Kitchin (In re Kitchin),* 327 B.R. 337, 362 (Bankr. N.D. Ill. 2005) (*quoting Ridder v. City of Springfield,* 109 F.3d 288, 294 n.7 (6th Cir. 1997)). A court abuses its discretion if it permits a motion for sanctions to be made in conjunction with another motion. *See Corley v. Rosewood Care Ctr., Inc. of Peoria,* 142 F.3d 1041, 1058 (7th Cir. 1998).

Here, the Defendants seek sanctions under Bankruptcy Rule 9011 in their motion to dismiss. They have not filed a separate motion. In fact, their assertion of a Rule 9011 violation is set forth in a brief, one-sentence paragraph buried in the motion to dismiss. Thus, the Court finds that the "separateness" requirement under Bankruptcy Rule 9011(c)(1)(A) has not been met. *See Kitchin,* 327 B.R. at 362-63.

In addition, the Court finds that the Defendants have failed to demonstrate that they complied with the "safe harbor" provision in Bankruptcy Rule 9011(c)(1)(A). A court that imposes sanctions requested by motion without adhering to the twenty-one day "safe harbor"

-23-

provision abuses its discretion. *Divane*, 200 F.3d at 1025 (*citing Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 150-51 (7th Cir. 1996)); *In re McNichols*, 258 B.R. 892, 902-03 (Bankr. N.D. Ill. 2001) (finding that the provision is a mandatory procedural prerequisite and that sanctions imposed without compliance are improper). The purpose of the requirement is to give the offending party the opportunity, within twenty-one days after service of the motions for sanctions, to withdraw or correct the offending pleading in order to avoid the imposition of sanctions. *Divane*, 200 F.3d at 1025-26 (noting that the provision was designed to give the offending party a "full and fair opportunity to respond and show cause before sanctions are imposed"); *Kitchin*, 327 B.R. at 359-60. The provision "serves the laudable purpose of requiring litigants to dispose of frivolous claims without judicial involvement." *Kitchin*, 327 B.R. at 361. The Defendants in this case have failed to demonstrate that they complied with the safe harbor provision.

For these reasons, the Court will not impose sanctions against the Plaintiff under Bankruptcy Rule 9011.


## IV.  CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motion to quash, denies their motion to dismiss the adversary under either Rule 4(m) or 41(b), and denies their request for the imposition of Bankruptcy Rule 9011 sanctions. The Plaintiff is granted one last opportunity to properly serve process within 45 days of the date of this Opinion.

-24-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: _7/8/10_                    _____
                                    **John H. Squires**
                                 **United States Bankruptcy Judge**

cc:    See attached Service List

## SERVICE LIST

### Norman H. Lehrer v. Sean and Carol Flaherty
**Adversary Case No. 09 A 00913**

Kathleen M. McGuire, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

Richard L. Hirsh, Esq.
Richard L. Hirsh & Associates PC
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532-2135

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604